UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

RAFAEL CARRERA,

                                   Plaintiff,

        -against-                          **COMPLAINT AND JURY DEMAND**

CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.       **ECF**
HORN, CHIEF OF DEPARTMENT CAROLYN
THOMAS, WARDEN BRIAN RIORDAN, CAPTAIN
MARTIN ALMANTE, CORRECTION OFFICER
"NICHOLAS" SHIELD #14149, CORRECTION
OFFICERS JOHN DOE #1-8

                                   Defendants.

------------------------------------------------------------ x

06 CV 11409
JUDGE JONES

RECEIVED OCT 26 2006 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1.    This is a civil rights action brought by a prisoner who was brutally beaten by uniformed officers and supervisors employed by the New York City Department of Corrections ("DOC" or the "Department"). Plaintiff seeks relief for the violation of his rights secured by 42 USC §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution, and the laws and Constitution of the State of New York.

2.    The claim arises from an incident that occurred on or about October 5, 2005, when officers of the New York City Department of Correction ("DOC"), acting under color of state law, intentionally and willfully subjected plaintiff to excessive force, assault and battery, and failed to intervene while others did so.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and

further relief as the Court deems just and proper.

## PARTIES

4. Plaintiff Rafael Carrera is permanent resident of the United States and at all times here relevant was incarcerated at Rikers Island in Bronx County, City and State of New York. At the time of the beatings that give rise to this action, Carrera was a pre-trial detainee at the Anna M. Kross Center ("AMKC"). Carrera is presently incarcerated at Fishkill Correctional Facility in Beacon, NY.

5. Defendant City of New York ("City") is a municipal corporation which, through its Department of Correction ("DOC" or the "Department"), operates a number of detention jails. The Department, through its senior officials at the central office and in each facility, promulgates and implements policies, including those with respect to the use, reporting and investigation of force by uniformed staff, and access to medical and other program services mandated by local law and court orders. In addition, senior officials in the Department are aware of and tolerate certain practices by subordinate employees in the jails, including those that are inconsistent with formal policy. These practices, because they are widespread, long-standing, and deeply embedded in the culture of the agency, constitute unwritten Department policies or customs. The Department is also responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein.

6. At all times relevant hereto, Martin F. Horn was the Commissioner of DOC, acting in the capacity of agent, servant, and employee of defendant City, within the scope of his employment as such, and acting under color of state law. On information and

2

belief, defendant Horn, as Commissioner of DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein. As Commissioner, defendant Horn is also responsible for the care, custody, and control of all inmates housed in the Department's jails. As Commissioner, Horn was provided on a daily basis with reports of applications of force, allegations of unreported use of force, and other breaches of security in the Department jails. In addition, at all relevant times, defendant Horn was responsible for enforcing the rules of the DOC, and for ensuring that DOC personnel obey the laws of the United States and of the State of New York. Defendant Horn is sued in his individual capacity.

7. At all times relevant hereto, Carolyn Thomas was the Chief of Department of the New York City Department of Correction, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. As Chief of Department, Thomas is the highest ranking uniformed member of the department, and is responsible for the supervision, oversight, and discipline of uniformed security staff, including the supervisory security staff, in all Department jails. She is also responsible for the care, custody, and control of all inmates in the Department jails. As Chief of Department, Thomas is provided on a daily basis with reports of applications of force, allegations of unreported use of force, and other breaches of security in Department jails. Defendant Thomas is sued in her individual capacity.

8. At all times relevant hereto, Brian Riordan was the Warden of AMKC. As

3

Warden, his responsibilities included supervision of correction officers, captains, and other supervisors with respect to the care, custody and control of prisoners confined in the jail. These responsibilities were and are required to be carried out in a manner consistent with the legal mandates that govern the operation of DOC and its jails, including the Department directives and orders governing the use of force and the reporting of use of force and the Board of Correction Minimum Standards. As Warden, defendant Riordan is provided on a daily basis with all reports of use of force, allegations of use of force, and other violent incidents in his jail. Defendant Riordan is sued in his individual capacity.

9.  At all times relevant hereto, Captain Martin Almante was a captain of the DOC, acting the capacity of agent, servant, and employee of defendant City, within the scope of his employment as such, and acting under color of state law. On information and belief, defendant Almante worked at AMKC at Rikers Island at the time of the incident alleged herein. Defendant Almante is sued in his individual capacity.

10. At all times relevant hereto, Corrections Officer Nicholas was an officer of the DOC, acting the capacity of agent, servant, and employee of defendant City, within the scope of his employment as such, and acting under color of state law. On information and belief, defendant Nicholas worked at AMKC at Rikers Island at the time of the incidents alleged herein. Defendant Nicholas is sued in his individual capacity.

## JURISDICTION AND VENUE

11. This action is brought under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§1983, and under the New York Constitution

and New York State common law.

12. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a). Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

13. Defendant City of New York is located within, and a substantial part of the acts complained of occurred within the Southern District of New York. Venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

14. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## NOTICE OF CLAIM

15. Plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## EXHAUSTION OF REMEDIES

16. Correction officer-on-inmate assaults are non-grievable under New York City DOC's Inmate Grievance Resolution Program.

## JURY DEMAND

17. Plaintiff demands a trial by jury in this action.

## FACTUAL ALLEGATIONS

5

18. On October 5, 2005, plaintiff was incarcerated at AMKC on Rikers Island, East Elmhurst, New York. Plaintiff was incarcerated awaiting trial.

19. On October 5, 2005, at approximately 5:00 pm, plaintiff was being held in a mental observation unit in AMKC. He was taken to a clinic within this unit. While there, defendant correction officers used excessive force against plaintiff.

20. At all times during the events described above, the defendant correction officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

21. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

22. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

 a. Violation of his right to Due Process of Law under the 14th Amendment to the United Stated Constitution;

 b. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

 c. Violation of his right under the New York State Constitution Article 1 Section 5 to be free from cruel and unusual punishment;

 d. Physical pain and suffering,

 e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and deprivation of property.

unknown.

40. Defendants New York City, the Commissioner, the Chief of Department, and the Warden knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

41. The aforesaid event was not an isolated incident. The City, the Commissioner, the Chief of Department, and the Warden have been aware for some time (from lawsuits, notices of claim and grievances filed with the Department of Correction) that many of their correction officers use force against inmates without justification in a malicious and sadistic manner for the sole purpose of causing them harm. The City, the Commissioner, the Chief of Department, and the Warden are further aware that the improper training and supervision of its officers has resulted in the unnecessary and wanton infliction of force on inmates, causing them to suffer serious harm. Moreover, the City, the Commissioner, the Chief of Department, and the Warden are aware that a "wall of silence" exists whereby correction officers fail to truthfully report wrongful acts by fellow officers, causing correction officers to unlawfully assault inmates without fear of reprisal. Despite such notice, the City, the Commissioner, the Chief of Department, and the Warden have failed to take corrective action. This failure caused the correction officers in the present case to violate plaintiff's constitutional rights.

42. Defendants City, the Commissioner, the Chief of Department, and the Warden have failed to take the steps to properly investigate misconduct, and to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this case of misconduct.

43. The above described policies and customs demonstrated a deliberate

9

indifference on the part of policymakers of New York City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

44.     Defendant City, the Commissioner, the Chief of Department, and the Warden have damaged plaintiff by its failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving the misconduct of its correction officers.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.     In favor of plaintiff in an amount to be determined by a jury at trial on each of plaintiff's Causes of Action;

B.     Awarding plaintiff punitive damages in an amount to be determined by a jury at trial on each of plaintiff's Causes of Action;

C.     Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

DATED:     Brooklyn, New York
           October 25, 2006

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY 10007

      Commissioner Martin F. Horn
      Department of Correction for the
      City of New York
      60 Hudson Street
      New York, NY 10013

      Chief of Department Carolyn
      Thomas
      Department of Correction for the
      City of New York
      60 Hudson Street
      New York, NY 10013

      Warden Brian Riordan
      Anna M. Kross Center
      Department of Correction for the
      City of New York
      60 Hudson Street
      New York, NY 10013

      Captain Martin Almante
      Anna M. Kross Center
      Department of Correction for the
      City of New York
      60 Hudson Street
      New York, NY 10013

      Corrections Officer Nicholas
      Shield #14149
      Anna M. Kross Center
      Department of Correction for the
      City of New York
      60 Hudson Street
      New York, NY 10013

Yours, etc.,

*Nicole Bellina* (signature)

Stoll, Glickman & Bellina, L.L.P.
By Nicole Bellina
Bar #NB7154
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491

11